UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>vs.<br><br>RONALD BOYEDE OLAJIDE,<br><br>    Defendant. | Case No: CR 12-00782 SBA<br><br>**ORDER REMANDING ACTION** |

On or about August 18, 2010, the Alameda County Superior Court placed Defendant Ronald Boyede Olajide on probation for a term of three years, following a misdemeanor theft conviction under California Penal Code § 484(A). On or about October 11, 2012, the Alameda County District Attorney's Office filed a Petition to Revoke Probation against Defendant. On October 29, 2012, Defendant filed a Notice of Removal in which he purports to remove his criminal action to this Court. Dkt. 1. Defendant's removal petition seeks an order terminating his state court criminal action and his probation.[1]

Title 28, United States Code, section 1455(a) provides that a criminal defendant may remove a criminal prosecution from a state court by filing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." The notice of removal "shall include all grounds for such removal." Id. § 1455(b)(2). The district court shall order summary remand "if it

---

[1] Defendant apparently has attempted to remove his criminal case at various other stages of those proceedings. See Nos. CR 12-5512 PJH; CR 12-752 PJH; CR 12-522 KAW, CR 12-421 YGR.

clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." Id. § 1455(b)(4).

The Notice of Removal does not state the legal basis for the removal. The Court, however, notes that under 28 U.S.C. § 1343(1), certain criminal actions may be removed to federal court in limited circumstances. That section provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

To remove a case under § 1443(1), a criminal defendant must satisfy a two-part test. First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 220 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also Davis v. Superior Court of California, 464 F.2d 1272, 1273 (9th Cir.1972) (explaining that removal jurisdiction under § 1443(1) is "specific and extremely narrow"). Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of the State.'" Johnson, 421 U.S. at 220 (citation omitted). This generally requires a showing that a state law or constitutional provision denies the defendant an opportunity to raise a federal right. Id.

Defendant's Notice of Removal is not a model of clarity, though it appears that he is alleging that various Alameda County Superior Court judges, court personnel, deputy district attorneys and other individuals conspired to violate his equal protection rights. Assuming arguendo that these allegations satisfy the first part of the test for removal under § 1343(1), Defendant has nonetheless failed to show that he is unable to enforce his federally-protected rights in state court due to any state law or constitutional provision. Id. In addition, Defendant has failed to comply with 28 U.S.C. § 1455, which governs the

1  procedure for removal of state court criminal prosecutions, as he has failed to attach "a
2  copy of all process, pleadings, and orders served upon such defendant or defendants in such
3  action." See 28 U.S.C. § 1455(a).  Accordingly,
4      IT IS HEREBY ORDERED THAT the instant action is REMANDED to the
5  Alameda County Superior Court.  The Clerk shall close the file.
6      IT IS SO ORDERED.
7  Dated: December 20, 2012

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge